GEORGE BAILEY, Appellant, v. T. P. HOLLOWELL, Appellee.

No. 40180.

FEBRUARY 11, 1930.

*C. T. Gibson,* for appellant.

*J. M. C. Hamilton,* for appellee.

EVANS, J.—The plaintiff, through affiant Gibson, applied to the district court of Lee County for a writ of habeas corpus. His petition was as follows:

"C. T. Gibson upon oath states that one George Bailey, plaintiff above named, is unlawfully imprisoned and restrained of his liberty at Fort Madison, Iowa, in the custody of the defendant T. P. Hollowell, warden of the state prison; that the cause or pretense of such imprisonment and restraint, according to the best information and belief of the affiant, is as follows, to wit: That, on or about the 4th day of March, 1926, at the city of Eldora, Iowa, in the district court of Hardin County, the plaintiff was presented, and charged by information with the crime of arson; that to said charge the plaintiff entered a plea of guilty, and was by said district court com-

mitted to serve an indefinite term in the state penitentiary at Fort Madison, Iowa, where he has since been, and now is, confined and imprisoned.

"Your affiant states, and the plaintiff contends, that he has now served the full term of any sentence that could be legally imposed upon the plaintiff for the crime so charged against him, and that the plaintiff, George Bailey, is entitled to release and discharge.

"A copy of the information so filed against the plaintiff is filed herewith, and expressly made a part of this petition.

"And your affiant further states that the matters and things herein set forth have not been heretofore presented to, passed upon, or refused by any judge or court of this state, and that this petition is filed in good faith, and for the purposes herein set forth.

"Wherefore, premises considered, your affiant and the plaintiff, George Bailey, prays that the writ of habeas corpus may issue herein, directed to the defendant, T. P. Hollowell, that the said George Bailey may be brought before this court and his imprisonment and restraint inquired into.

"And the plaintiff further prays that, during the pendency of this action, that the plaintiff be granted permit for consultation and communication with his attorney of record herein, and that this court make such order as will insure the rights to counsel to the plaintiff.

"C. T. Gibson,
"Affiant and petitioner."

Pursuant to the writ, the defendant brought the prisoner into court. The county attorney appeared in resistance, and presented a demurrer to the petition. The question of the propriety of a demurrer as a pleading to a petition for writ of habeas corpus is not raised, and we need not consider it. Nor shall we subject the petition to much scrutiny as to its sufficiency in form. Though it does not in terms pray for the discharge of the prisoner, and prays only for the issuance of the writ, decision need not turn on such deficiency.

The court sustained the demurrer to the petition. We look, therefore, to the petition alone to ascertain whether, in substance, its allegations of fact were sufficient to require or to justify the discharge of the prisoner.

The petition sets forth the cause of detention. This was admitted by the demurrer. There was no occasion, therefore, for the defendant warden to set up the same facts as a cause for detention. The petition discloses that the petitioner was committed to the penitentiary upon a plea of guilty of arson. It also purports to set forth a copy of the information upon which the plea of guilty was entered. Such copy of the information is not in fact set forth.

The petition alleges, as a conclusion of law, that the petitioner has already served the full statutory time prescribed as a penalty for arson. The petition discloses the date of the plea of guilty as March 4, 1926. It does not disclose the date of actual commitment. The crime of arson is defined by Chapter 575 of the Code of 1924. The various forms of arson are defined in the several sections of that chapter. These varying forms of arson carry varying statutory penalties. The penalty under Section 12984 may be for life or any term of years; under 12985 for 30 years; under 12986 for 20 years; under 12987 for 15 years; under 12988 for 10 years; under 12989 for 5 years; under 12991 for 10 years.

No fact is expressly alleged in the petition which sustains the conclusion of law that the plaintiff has served out his full statutory time, nor is there any allegation in the petition from which such fact may fairly be implied. The validity of the judgment of conviction is not challenged.

The order of the district court is, accordingly,—*Affirmed.*

MORLING, C. J., and FAVILLE, KINDIG, and GRIMM, JJ., concur.